<hr />

### Moses G. Lamoreaux
*v.*
### Michael O'Rourke and Hiram H. Wetherwax.

Where two of three trustees of a school district (assuming them to be such), without notifying the third to meet with them, and without consulting him, and when he is not present, make an assessment or tax list, and sign and issue a warrant annexed thereto for the collection of such assessment, and deliver the same to be collected to a collector appointed by them, such assessment and tax warrant are void, and no protection to them in directing the plaintiff's property to be taken from him and sold; and where the plaintiff's property was so taken and sold, a verdict for the value of the property, by way of damages for the taking and conversion, was rightly directed.

*Appeal from General Term.*

Wright, J. I have examined the case, and am prepared to advise an affirmation of the judgment. The

action was against the defendants for taking, carrying away and converting to their own use a colt, the property of the plaintiff, of the alleged value of $110. The defendants justified as trustees of a school district. It appeared on the trial at the circuit, that in August, 1856, proceedings were instituted to form a new school district from parts of four other existing school districts, and that an order was made to that effect by the proper school commissioners, the new district being designated as No. 9. A question was raised as to the jurisdiction of the commissioners to make the order, it being shown, under objection, that the consent of the several boards of trustees of the old districts to the foundation of the new one had not been obtained. But, passing by the question. On the 22d August, 1856, a meeting of the inhabitants of the new district, qualified to vote at district meeting, was held pursuant to appointment of the commissioners, for the purpose of electing officers of the district and doing such other business as pertained to the organization of the meeting. At the meeting thus held, the defendants, O'Rourke and Wetherwax, and one William H. Denison, were elected as trustees of the district, and Robert Onderkirk as collector. At an adjourned meeting on the 23d September, it was resolved to build a school house, the trustees to have power to contract for the building, the cost not to exceed $325, complete and in good order for use. At an adjourned meeting on the 11th October, 1856, it was resolved to raise the additional sum of $50 for building the school house. On the 20th October, 1856, the defendants, as trustees, met and made out the assessment and tax list for the purpose of raising the sum of $375 to build the school house, and signed and issued a warrant to the collector, commanding him to collect the amounts assessed from the several persons named in the tax list. On this list, the amount of tax assessed against the plaintiff was $38.35. Denison, the other trustee, took no part in making out the list, or using the war-

rant. He was not present when the tax list or assessment and warrant was made out, nor was ever notified to attend a meeting of the trustees for that purpose, or consulted in any way on the subject. The tax list and warrant was delivered by the defendants to Onderkirk, the collector, on the 20th October. On the 19th November, it was renewed by them for thirty days; and on the 23d December, by permission of the school commissioners, it was further renewed by them, for thirty days. Intermediate the first and last removal, Onderkirk, the collector, moved to Michigan, and left the tax list and warrant with the defendants. The defendants appointed one Fish a collector in his place. Denison, the other trustee, was not present when he was appointed, nor was he ever notified to meet and appoint a collector. The warrant was handed to Fish by the defendants, who, as collector, demanded the tax from the plaintiff, which he refused to pay, and, by virtue of the warrant issued by the defendants, and by their direction, he levied upon a colt of the plaintiff's, taking the property into his possession upon making the levy, and subsequently selling the same. The defendants were present at the sale, and O'Rourke bid off the plaintiff's horse. Of the proceeds of the sale, Fish paid to the defendants, as trustees, the amount of the tax, and tendered the surplus to the plaintiff, who declined receiving the same, saying that he should look to the defendants for his money.

This was, substantially, the testimony, and at its close the judge declared and ruled as matter of law:

1st. That there was no district; that the order of the school commissioners forming the school district was void; and that, therefore, the trustees had no jurisdiction to act as trustees.

2d. That the tax list and warrant of the trustees was void.

3d. That the appointment of Fish, the collector, was void; and, in conclusion, charged the jury that the plaintiff, for these reasons, was entitled to recover the value of

the horse, and directed them to find a verdict for the plaintiff for such value. The jury, under such instructions, found in favor of the plaintiff for $98.40; upon which verdict a judgment was entered with costs. The judgment, on appeal by the defendants, was affirmed at the General Term of the Supreme Court.

Without considering the questions whether then the district was legally formed, or whether the appointment of Fish who executed the warrant was valid or invalid, it is clear that the judge was right in holding that the assessment and tax warrant was void. It was made and signed by only two of the trustees, the third trustee (Denison) taking no part in the matter. He was not present when the assessment or tax list was made, nor was he ever notified to meet with the trustees to make out such list, or consulted in relation thereto. The defendants, as trustees, made the assessment themselves, and issued and signed the warrant annexed thereto, and delivered the same to Fish, who they had appointed collector, and under and by virtue of which the plaintiff's property was taken. This void assessment and tax warrant was no protection to them, in directing the plaintiff's property to be taken from him, and subsequently converting the same. As there was no defense for the taking and conversion, a verdict, by way of damages, for the value of the property was rightly directed.

The judgment should be affirmed.

Judgment affirmed.